STATE OF MAINE

YORK, ss.

DONALD L. GARBRECHT
LAW LIBRARY

MAY 4 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-98-011

PAF-YOR - 5/2/2000

TOWN OF OGUNQUIT,

    Petitioner

    v.

ORDER
AND
DECISION

STATE PLANNING OFFICE, et al.,

    Respondents

The Town of Ogunquit has appealed from a decision of the State Planning Office which examined a proposed sewer extension connecting the Cliff House in the Town of York to the Ogunquit Sewer District and issued written "assurance that the proposal is consistent with the adopted municipal plans and ordinances regulating land." See decision of the State Planning Office of January 23, 1998 and 38 M.R.S.A. §1252(7). After a change in the position of the Sewer District from support to opposition, an arbitration proceeding, a remand to the State Planning Office, and a supplemental decision on remand by the State Planning Office, oral argument was finally held on this appeal.

The Cliff House is a hotel and restaurant in York and disposes of ". . . its sanitary sewerage in accordance with a grandfathered overboard discharge license." *Ogunquit Sewer District v. Town of Ogunquit,* 1997 Me. 33, ¶2, 691 A.2d 654, 5. The Cliff House requested service from the Ogunquit Sewer District. The District agreed to provide service, which included a sewer line extension and the use of a portion of the district's sewer treatment plant's capacity. Under the existing law in early 1995,

See 38 M.R.S.A. §1252(7)(A)(2), the District requested assurance from the Town that the extension was consistent with the Town's municipal plans and ordinances regulating land use. The selectmen held a public meeting and they voted to deny that assurance. The District and the Cliff House appealed unsuccessfully to the Superior Court and then to the Law Court resulting in the 1997 Ogunquit Sewer District case.

After the initial decision by the Selectmen to deny the written assurances the legislature enacted 38 M.R.S.A. 1252(7)(B), P.L. 1995, c. 636 §2. That statute provides as follows:

> For an intermunicipal sewer extension, when written assurance is denied by municipal officers pursuant to paragraph A, an aggrieved party may appeal, within 15 days of the decision, to the State Planning Office, referred to in this paragraph as the "office", for a review of the municipal officers' decision. Notwithstanding Title 5, chapter 375, subchapter IV[1], the following procedures apply to the review by the office. (1) The office may request any additional information from the sewer district, the municipality or the department. All information requested by the office must be submitted within 30 days of the request, unless an extension is granted by the office. (2) Within a reasonable time, the office shall hold a hearing. The office shall give at least 7 days' written notice of the hearing to the sewer district, the municipality and the party that requested the hearing. The hearing is informal and the office may receive any information it considers necessary. (3) Within 15 days of the hearing and within 60 days of the request for review, the office shall make a decision that must include findings of fact on whether the sewer extension proposal is inconsistent with adopted municipal plans and ordinances regulating land use. The decision of the office constitutes final agency action. (4) Nothwithstanding paragraph A, if the office determines that the sewer extension proposal is not inconsistent with adopted municipal plans and ordinances regulating land use, the office shall issue written assurance that the proposal is consistent with adopted municipal plans and ordinances regulating land use, and the sewer district may construct the sewer extension.

---

[1] 5 M.R.S.A. § 9051 et seq.

2

The first issue in this appeal focuses on what is the nature of the proceeding before the State Planning Office. The Town argues that it is an appeal while the defendants Cliff House and State Planning Office argue that it is a *de novo* hearing even though those words, which could have been used, were not. I agree with the defendants that it is a *de novo* proceeding and that the State Planning Office is required to make an independent decision.

The statute states that the State Planning Office may request "any additional information". 38 M.R.S.A. §1252(7)(B)(1). A hearing is to be held. This hearing is informal and the State Planning Office may receive "any information it considers necessary". 38 M.R.S.A. §1252(7)(B)(2). The State Planning Office is to reach a decision which "must include findings of fact". 38 M.R.S.A. §1252(7)(B)(3). Lastly, despite whatever municipal decision was made, the State Planning Office may, in appropriate cases, issue the requested written assurance. 38 M.R.S.A. §1252(7)(B)(4). All of these provisions are consistent with a hearing *de novo* and inconsistent with traditional appellate review of a record established at an earlier proceeding. The State Planning Office correctly interpreted the statute and correctly determined the nature of the proceeding it was asked to conduct.

The plaintiff also argues that since the question of whether written assurance should be given was decided by the Selectmen in 1995 the Cliff House should not get a second opportunity to relitigate the issue. It argues that under the doctrine of *res judicata* the issue once decided should not be decided again. The State Planning Office and the Cliff House disagree.

3

The doctrine of *res judicata* does not apply for several reasons. First, while it had only modest changes, the proposal before the State Planning Office was slightly different from that presented to the Selectmen. Secondly, as time passes new information is available regarding growth rates in the use of sewer treatment capacity. Projections about what the future will be are replaced with facts about what the past had been. Thirdly, the legislature gave jurisdiction to the State Planning Office to resolve those limited number of cases involving intermunicipal sewer extensions. Presumably the Legislature intended this legislation, which the Cliff House sought and lobbied for, to be used. Fourth, the legislation calls for a *de novo* hearing. While there was prior appellate review by the Superior and Law Courts of the decision of the Selectmen there has never been a *de novo* decision in that case. Therefore the doctrines of *res judicata*, and the related doctrines of issue preclusion and *stare decisis*, do not apply.

Any procedural flaws in the hearing process or in the deliberative process were harmless. As none of the other issues raised warrant a reversal or modification of the decisions of the State Planning Office the entry is:

> Decision of the State Planning Office in the matter of Cliff House and Motels, Inc. and the Ogunquit Sewer District vs. The Town of Ogunquit and Supplemental Decision on remand of January 18, 2000 are affirmed.

Dated:     May 2, 2000

PLAINTIFFS:
CHARLES F DINGMAN ESQ
PRETI FLAHERTY BELIVEAU & PACHIOS
PO BOX 1058
AUGUSTA ME   04332-1058

DEFENDANT-OGUNQUIT SEWER DISTRICT:
HARRY B CENTER II ESQ
SMITH ELLIOTT SMITH & GARMEY
PO BOX 1179
SACO ME   04072

DEFENDANT- STATE OF MAINE:
JEFFREY PIDOT ESQ
6 STATE HOUSE STATION
AUGUSTA ME   04333-0006

Paul A. Fritzsche
Justice, Superior Court

DEFENDANT - CLIFF HOUSE
MICHAEL HEALY ESQ
VERRILL & DANA
P O BOX 586
PORTLAND ME 04112